Our last case of the morning is case 118 375 people of the state of Illinois versus Adrian Williams. Are you ready to proceed? Eppley ready? May it please the court. My name is Leah Bendick from the Illinois Attorney General's Office on behalf of the people of the state of Illinois. This court should reverse the judgment of the appellate court and hold that the circuit court correctly determined that defendant faced a potential sentencing range of 6 to 60 years for his class 2 felony conviction for a drug offense so that his motion to withdraw his guilty plea was properly denied. To begin I want to note that certain aspects of this case are quite simple because the record is quite short and the parties in the appellate court have always agreed on the factual circumstances. But what is more complicated about this case is that it involves the interplay of several statutes and even just referring to them by their section numbers is quite cumbersome so I've decided to use some statutory shorthand nicknames. I wanted to first point this court to the fact that pages 2 and 3 of the appellant's brief provide the block quotes for all of these statutes and also note that pages 1 and 2 of the reply brief includes a summary of them and these nicknames that I will use but please let me know if it's unclear what I'm referring to at any time. So to begin the statutory question here focuses on one provision in particular that I have called the general extended term sentencing provision. This is the provision that states that a judge shall not sentence an offender to an extended term sentence unless one of cited aggravating factors is present and it is true that everyone agrees here that there is no aggravating factor present. But the parties also acknowledge that defendant has an extensive criminal history that qualifies him under two different recidivist related sentence enhancements. Everyone acknowledges that he has prior class 1 and class 2 felony convictions for robbery and burglary that qualify him under what I have called the two prior felonies provision to have his class 2 sentencing range enhanced to the class X range. That is the provision that states where an offender has a class 1 or class 2 conviction and has two or more previous class 1 or class 2 felony convictions that it is mandatory that his sentencing range be enhanced to the class X level. The parties also acknowledge that he has a prior conviction under the Controlled Substances Act and that act in particular has a recidivist related provision that states that where an offender has a previous conviction for an offense under the act then that person faces a sentence of potentially up to a doubled maximum that is otherwise authorized. That is what then doubles the maximum of the class X range of 30 to 60 to create the 6 to 60 range that the circuit court acknowledged. So then with that background the appellate court looked at the statutory maximum doubling of the prior drug conviction provision and noted that having a prior drug conviction is not listed among the aggravating factors in the general extended term sentencing provision and held that that was a conflict. In order to resolve the conflict the appellate court chose to give effect to what was the more recently enacted provision which is the general extended term sentencing provision and then therefore held that the maximum doubling should not have been recognized by the circuit court. This court should reverse on either of two independent grounds. Either number one that all of these provisions can be interpreted so that they can be reconciled without any conflict whatsoever or secondly in the alternative even if this court acknowledges a conflict the appellate court gave effect to the wrong provision. So turning first to the question of how to reconcile these provisions or whether there is a conflict at all. Again we begin with the general extended term sentencing provision. The key here is that the appellate court construed that statute or that provision as providing an exclusive list of any factor that can ever justify a sentence above what is the base maximum for a particular class felony. By simply disagreeing with that premise that construction all of these provisions can be reconciled. If instead this court construes that that general extended term sentencing provision governs only sentence enhancements or I should say yes sentence enhancements that are authorized by the code itself then there is no conflict to begin with. So to explain let's look at the circumstances of this case. As already explained defendant faced a potential 6 to 60 year range. It is noteworthy that the code in article 4.5 which provides the general sentencing ranges for all of the classes of felonies sets the class X range as 6 to 30 years and defines a class X extended term as 30 to 60 years. Here the numbers don't add up 6 to 60 does not equal 30 to 60. That is an indication that when the code is referencing an extended term sentence it is only looking within the code authorized extended heightened sentences and it is not considering those that might be authorized elsewhere. And indeed the sentence maximum doubling is from the controlled substance act not from the code itself. Further support for this approach is found by taking a step away from the circumstances of this case. In preparing the reply brief I flipped through the criminal code and was able to find 25 additional instances where the legislature has set forth the class of a particular offense and then sets a heightened sentencing range that notably does not match up with the extended term as defined for that class. And also none of those 25 examples are listed as aggravating factors under the general extended term sentencing provision. What this indicates or provides further support for is this notion that the code was only referring to extended terms that are authorized by the code itself. That where the authorization for a heightened term is found elsewhere in the compiled statutes that it need not be funneled through the general extended term sentencing provision and there need not be one of those listed aggravating factors present. Indeed perhaps the best support for this approach is by looking at a provision that defendant brought to this court's attention. He filed a motion to cite additional authority after the reply brief was filed and it was granted by this court and specifically citing page 4 of my reply brief where I set forth these 26 conflicts. He noted section 5-4.5-5. This provision is in essence the introductory provision to article 4.5 that sets forth all of these general sentencing ranges. That provision states, quote, except as specifically provided elsewhere, this article governs sentencing for offenses. That really encapsulates the approach that I'm advocating. That if it's an enhanced sentence provided for in the code, then yes, you have to comply with the aggravating factor requirement of the general extended term sentencing provision. But if the authorization for a heightened sentence is elsewhere, such as the Controlled Substances Act or the criminal code, then that is where the authority for the heightened sentence comes from. From those specific provisions themselves. That way all of these provisions are allowed to coexist without conflict. Are you saying there's an ambiguity that's created by reading these two statutes? Well, I guess it is subject to multiple reasonable interpretations, so yes. Of course, even if this court recognizes an ambiguity, I looked for legislative history on this topic for these statutes and there is none. So certainly whether this court finds it ambiguous or not doesn't affect whether it can take this approach that I'm advocating. And I would argue that yes, these are two different reasonable approaches to reconciling these statutes. It is noteworthy that there is a statutory construction principle that instructs courts to where there are multiple provisions that address the same topic. That they should be tried to be construed together when reasonably possible to avoid a conflict. And the state's approach that is being suggested now does that. Reconciles them without a conflict. Whereas defendant's position and the appellate's court's position recognizes a conflict. And so where there are these different approaches, the state's position is the one that complies with the statutory construction principle. So indeed, if this court agrees and concludes that there is no conflict whatsoever, then there is nothing to stop the sentence maximum doubling up to 60 years that the circuit court recognized. But in the alternative, even if this court finds that there is a conflict here, agreeing with the appellate court, the appellate court should still be reversed because it responded to the conflict in the wrong manner. It is true that the general extended term sentencing provision was more recently enacted. And it is true that there is a statutory construction principle instructing courts to give effect to the more recently enacted statutes. But what the appellate court overlooked is the fact that the sentence maximum doubling of the prior drug conviction provision, that is the more specific provision. And there is a superseding statutory construction principle that directs courts to give effect to the more specific provision, even if it is older. And indeed, defendant himself agrees that the prior drug conviction provision is more specific because it applies only to drug-related offenses, while the general extended term sentencing provision applies both to drug offenses and non-drug offenses. And indeed, taking a step back, the reason behind giving effect to the specific provision is because this court has expressed that repeals by implication are disfavored. In other words, where the legislature has enacted a specific provision, and there is a later general provision that doesn't acknowledge the specific provision, this court has expressed the policy to let the specific provision continue to operate because recognizing a repeal is such an extreme thing that this court hesitates to do it unless the legislature has been expressed in having that intent. And it's important to remember the appellate court here. While defendant is trying to couch his argument in terms of perhaps it's inappropriate to have more than one recidivist enhancement applied to the same sentence, the appellate court's rationale is not so limited. The appellate court held that the prior drug conviction provision, which doubles the maximum, should never be allowed to operate unless there is also an aggravating factor from the general extended term sentencing provision. And what that rationale would do would completely render superfluous the prior drug conviction provision. After all, having an aggravating factor and justifying an extended term sentence there through that provision already doubles the maximum. So the prior drug conviction provision would never have any effect in any case whether or not there are another recidivist enhancement involved. And that is the approach that this court should reject. Indeed, defendant acknowledges that it is more specific, the prior drug conviction provision, but he does argue instead that what that should mean is that the maximum he faced was 14 years rather than 60. And he arrives at this 14-year number by doubling the Class II maximum rather than the Class X maximum. This court should reject that argument for either of two reasons. Number one, it's a forfeited argument. He never preserved it properly in the circuit court, and he never presented it at all to the appellate court. But even if this court considers it, it has no statutory support because it seems to be based on a notion that somehow viewing the Controlled Substances Act in isolation would prevent the operation of the two prior felonies provision. That's the provision that enhances him from the Class II to the Class X level. But there is no support for that. After all, the Controlled Substances Act does not set forth sentence ranges. It does have some heightened Class X-specific provisions, but as to Class IIs and particularly the one that defendant was convicted of, it merely says you are guilty of a Class II felony. Then a sentencing judge turns to the Code of Corrections to learn how that person should be sentenced, and that includes the two prior felonies provision, which enhances him from the Class II to the Class X. It seems as though defendant is relying on this notion that the legislature would never intend for more than one recidivist-related enhancement to apply to the same sentence, but he really has no support for this idea. The only thing he cites is the fact that the prior drug conviction provision, which doubles the maximum, was enacted first, so that at that time the legislature would not have envisioned that it might operate along with another recidivist enhancement on the same sentence. That may be true, but what it overlooks is later on. Fast forward to when the two prior felonies provision was enacted. At that time, the legislature would have been aware of its prior enactments, and at that time it did not include any language or any amendments to indicate an intent to bar the application of both to the same defendant in the same case. And it is indeed the lack of that language that shows that the opposite should be inferred, that the legislature had no problem with the idea that both of them might operate for the same offender. Indeed, the only legislative intent we really have for this case is the expressed intent by the legislature to punish recidivists more severely. We know that, and this court has confirmed it previously. Indeed, what the defendant is essentially asking this court to do is to conclude that because he's the more serious recidivist, because he has the diverse and extensive criminal history that qualifies him for two different recidivist enhancements, that that should be the sole reason why one of them should not apply. Indeed, that would be contrary to the legislative intent to punish recidivists more severely. And finally, I'd like to note another apparent mistaken premise of the defendant's argument. That seems to be that he has a misguided understanding of the term double enhancement here. He asserts that he is being subject to a double enhancement under his facts, but that is simply not true. Now, it is true that this court's precedent notes that double enhancements are generally disfavored unless the legislature makes it expressly clear that it wanted a double enhancement to function. But a double enhancement is not the same as two enhancements. In other words, a double enhancement is where the very same element, the very same conviction, is used more than once to enhance the same sentence. That is not what happened in this case. Looking at defendant's prior convictions, his prior burglaries and robbery were each used only once through the two prior felonies provision to enhance him from the Class II to the Class X level, and his prior drug conviction was only used once through the prior drug conviction provision to double him to the 60 years. There is no double enhancement here, and indeed there is no statement in Illinois precedent or in Illinois statutes saying that there should not be two separate recidivist-related enhancements on the same sentence where no conviction is being used more than once. And for that reason, we would ask that the appellate court be reversed, and we would agree with defendant that upon reversal it should be remanded to the appellate court for consideration of remaining unaddressed appellate issues. So if there are no further questions, thank you. Thank you. May it please the Court? Good afternoon, Your Honors, Counsel. My name is Brian Cohut. I'm an assistant appellate defender with the Office of the State Appellate Defender, and I represent Mr. Adrian Williams, the defendant in this criminal matter. The issue in this case is actually one of first impression, whether Section 408 of the Controlled Substances Act can be used to double an already enhanced sentence. The question here is one of legislative intent. I don't really have shortcut phrases for all the terminology that we use here. I discuss Section 408 as Section 408, the extended term sentencing provision as Section 582, and then the class X, the vigil offender sentencing provision as just that. In this case, Mr. Williams, he pled guilty to delivering $80 worth of cocaine to a confidential informant. His conduct amounted to a Class II felony for which the normal sentence is three to seven years in prison. But the Circuit Court applied an enhancement statute, then a second enhancement statute to enhance the enhancement. As a result, Mr. Williams was subject to a 60-year prison term for conduct that would normally result in a maximum sentence of seven years. The legislature did not intend that Section 408 would be used to enhance an already enhanced sentence, and it could not have even contemplated an enhanced sentence of 60 years for conduct that constituted a Class II felony of drug offense. In fact, as I stated, the issue before this court is one of legislative intent. Statutes are to be strictly construed in favor of the defendant. There is no specific legislative directive allowing enhancement of enhanced sentences. And as this court noted, any ambiguity should be construed in Mr. Williams' favor. But in fact, the purpose of the Controlled Substances Act, the history of the Act, and subsequent legislation showed that the legislature intended that Section 408 would only apply to offenses that are committed under the Controlled Substances Act. The purpose of the Controlled Substances Act was to curb the use of drugs. Its penalty schemes were designed to deter the unlawful and destructive abuse of these substances. Section 408 was designed to punish repeat drug offenders. It was not designed to punish general criminal offenses. Therefore, it was designed only to punish drug offenses. In the history of the Controlled Substances Act, it was enacted in 1971. And the state is correct, at the time, the legislative sessions weren't even transcribed at the time. We don't have the legislative transcripts from those sessions. But it was passed in 1971. That was before any other general recidivist statute was enacted. So in 1971, when the legislature contemplated Section 408 of the Criminal Code, it could not have envisioned that it would be used to enhance another already enhanced sentence because there was no such thing as an already enhanced sentence. Is this a question, as I ask your opposing counsel, a question of two statutes that create an ambiguity? Well, what Mr. Williams' argument is and has always been, even before the appellate court, was that the legislative intent in Section 408 was that it would only apply to the Controlled Substances Act. So it's not necessarily an ambiguity in looking at the two statutes, whether they conflict or not. The ambiguity is in Section 408 itself when it says just simply otherwise authorized. It doesn't state otherwise authorized under this act or otherwise authorized in any section of the code, the Criminal Code or the Unified Code of Corrections. And it's because it was enacted before any of these other statutes came into play, there was no reason to define that it was otherwise authorized under this act because it only applied to that act. It could only have applied to that act. And in that vein, Your Honors, Mr. Williams suggests that that precise phrase be read into the statute, that it otherwise authorized under this act. The state argues that, as it did here before this court, that under this act would incorporate the entirety of the Unified Code of Corrections simply because Section 401 of the Controlled Substances Act cites to Class I and Class II felonies. And the sentencing court has to look up what the range is for Class I and Class II felonies. But Section 401 does not discuss the habitual offender class act sentencing provision. That's part of the Unified Code of Corrections. In the Controlled Substances Act, it's in the Criminal Code. It does not in any way refer to the Unified Code of Corrections. So rating Section 408 to apply only to offenses committed under the Controlled Substances Act does not incorporate this class act sentencing provision. Furthermore, passage of general recidivism provisions after Section 408 is where the question of intent comes into play. Mr. Williams was sentenced as a class act offender. The relevant provision of the code provides that class act sentencing range shall be a determinate sentence of not less than six years and not more than 30 years, unless Section 582 applies. That's the extended term statute. Section 582 says, and I want to read the exact language here because the state argues that it does not conflict with Section 408. But the plain language of the two provisions conflict. Section 408, and I'll read this briefly, any person convicted of a second or subsequent offense under this act may be sentenced to imprisonment for a term up to twice the maximum term otherwise authorized. Therefore, a class act offense under this act, he could be subject to 60 years imprisonment. Section 582 reads, a judge shall not sentence an offender to a term of imprisonment in excess of the maximum sentence authorized under Section 4.5 for an offense within the class of most serious offense for which the offender was convicted unless factors in aggravation set forth below apply. And we all agree that none of the factors in aggravation set forth below apply. So what Section 582 is, it restricts the sentence to a class act offense to 30 years, unless these exceptions apply. It doesn't say only an extended term. It doesn't define itself as an extended term. Its plain language is that a maximum sentence can only be 30 years unless exceptions apply. Isn't the title of it extended term? The title is the extended term, but I'm discussing, I apologize, I misstated there. It's the plain language of the provision that conflicts with Section 408. You have the one that allows for a sentence greater than 30 years on a class act offense and the one that says you cannot have a sentence greater than 30 years for a class act offense unless these exceptions apply. Section 408 was not listed as one of those exceptions under Section 582. And it stands to reason that it should have been if the legislature sought to allow Section 408 to increase an enhanced and already enhanced sentence. Because it was only enacted two years later. It's presumed that the legislature knew about its previous enactment. They should have known about Section 408 was in the Controlled Substances Act when they passed this Section 582, but only limited to these other exceptions. The state argues that there's a number of criminal offenses that are not listed as exceptions under Section 582. And that's because they have their specific, their own sentencing provisions. And it cites, as the state pointed out, Mr. Williams cited additional authority, and that essentially states that the Unified Code applies to all the sentences unless it's specified within the offense itself. And those are already accepted from 582, so it would not make any sense to list those under Section 582 as exceptions to this provision that a class act sentence can't be longer than 30 years. What Mr. Williams maintains is that's all that Section 408 really is. It's a specific sentencing provision for a specific offense. It's a sentencing provision that only applies to controlled substances offenses. Therefore, it's accepted from the Unified Code of Corrections. The state's argument rests on a single tool of statutory interpretation. It does not point to any legislative intent other than general, any legislative intent that will allow Section 408 to enhance an already enhanced sentence other than the legislature intended to punish recidivist offenders more severely. That's conceded. But there's nothing that, the state does not point to any legislative intent showing that an offense can be enhanced twice. It argues that Section 408 is a more specific provision because it only applies to drug offenses. And that's correct. That's Mr. Williams' precise argument. Section 408 only applies to drug offenses. And there's another problem with just looking at the state's single tool of statutory interpretation in order to divine legislative intent. If you look at the single tool of statutory interpretation, then you have a conflict between Section 408 of the Controlled Substances Act and the Class X Habitual Offender Sentencing Provision. Section 408, again, it allows for greater than a 30-year sentence for a Class X. It states that a second or subsequent offense can be punished double, you can get double the sentence otherwise authorized for a second or subsequent offense. The Class X Habitual Offender Sentencing Provision provides that if an offender has two prior Class II or greater offenses, he's subject to Class X sentencing. For example, if a criminal defendant had three Class II drug offenses, he would only be subject to 14 years imprisonment. But those same three Class II drug convictions allow for a 30-year sentence under the Habitual Offender Class X Sentencing Provision. Either 14 years or 30 years. Therefore, just applying that one single tool of statutory interpretation, the two provisions conflict. But then when you look at the intent of the legislature, which Mr. Williams has been arguing all along, the issue before this Court is one of legislative intent. And Mr. Williams concedes that the state's right, that the Class X Habitual Offender Sentencing Provision is mandatory. Because it's mandatory, it applies over Section 408. But it just shows that this Court should not be applying one single tool of statutory construction in order to divine the legislative intent. It has to look to the purpose of the statute, the history, subsequent sentencing provisions, and whether one construction would result in absurdities over another. And Mr. Williams has set forth a couple of these in his brief, and I'll just point out one. If Mr. Williams, if he had committed a Class X felony for delivering 99 grams of cocaine, given his same criminal background, he would still only be eligible for a maximum sentence of 60 years imprisonment. That Class X offense would be doubled because he has a prior delivery of a controlled substance to 60 years. Either that or you apply the two prior felonies provision and he faces a Class X sentence again, but that's only 30 years. So he would face a maximum sentence of 60 years under Section 408 because that Class X offense would be doubled. But here, Mr. Williams, who delivered $80 worth of cocaine, is subject to the same 60-year sentence based on this enhanced sentence that a Class X offender who delivered 99 times as much cocaine would be subject to. And that's an absurdity that results from the state's construction of these two statutes and then allowing the enhancement to be enhanced. What was the sentence that he did receive? He got 25 years. There was a partially negotiated plea of half to 25 years, and he got 25 years. So he fell within the range as you believe it should be interpreted. The sentence fell within the sentence. Yes. So he personally was not in any way affected by the misinterpretation, except for the plea, I'm sorry. Yes. He pled guilty based on this premise that it was a maximum sentence of 60 years in prison. He was prejudiced. The appellate court held that he was prejudiced, and the state does not contest that portion of the appellate court. It was the plea part. You're right. But in the larger scheme, he received the sentence within the range that you believe was correct. That's accurate, Your Honor. For the foregoing reasons, the trial court's admonishment about the maximum available sentence were incorrect, and this court should affirm the appellate court's decision, remanding this cause so that Mr. Williams may have the opportunity to withdraw his guilty plea. Thank you, Your Honor. Thank you. I would like to cover three main points in my rebuttal. Opposing counsel has focused even a little more specifically on the precise language of these two key provisions, and so I, too, want to respond to his point. So turning first to the general extended term sentencing provision, 582, he points this is related to whether there is a conflict at all and whether this court should construe that provision to avoid a conflict. He alleges, and he certainly is making an argument consistent with the appellate court's notion, that this should be regarded as setting forth the entire all-encompassing universe of what can ever justify a heightened sentence. But he only quoted for you the first sentence, and I would like to point out an aspect of the second sentence of that very same provision. It notes that so long as the proceedings were conducted in compliance with certain portions of the Code of Criminal Procedure, and this is the key part here, the judge may sentence an offender, quote, to an extended term as provided in Article 4.5. So that, again, is pointing to just extended term sentences as defined in the code. That is further support for the notion that the General Assembly saw that sometimes heightened sentences are justified within the code, but there are other times that they are justified elsewhere. In fact, the defendant seems to agree that these other examples that I cite in the criminal code, because they cite specific numerical ranges, I guess is the distinction he's making, that those are okay and that those do not have to provide these aggravating factors as required in the general extended term sentencing provision. But it would make no sense to draw the line there, that just because it's a statute outside of the Code of Corrections that includes a numerical sentencing range rather than what we have here where it says it doubles the statutory maximum. I mean, that is addressing the numbers involved. And so, indeed, looking at this language at the end of the general extended term sentencing provision provides further support that it wasn't meant to be an all-encompassing provision applicable to any heightened sentence. And that would be the way for this Court to avoid any conflict in the first place. But even if this Court does find a conflict and is then looking at how to interpret this prior drug conviction provision, my opponent is focusing on some of the language of this prior drug conviction provision. But I think it's worth noting that in order to agree with his position, he agrees he has to add language to the provision. Because the plain language as it actually stands is that it is authorized for a twice the maximum term, quote, otherwise authorized. That gives no indication that the legislature meant for it to be something that is only authorized under the Controlled Substances Act. And, in fact, he, my opponent, is arguing that this Court should read in the phrase under the act. But I would submit that even adding that language would be insufficient. Because, remember, defendant does have a prior offense under the act. His maximum was doubled solely due to his conduct related to the Controlled Substances Act. Indeed, he would seem, my opponent would seem to need to read in a whole sentence into this provision and say, otherwise authorized by the act, only related to conduct that violates the act. And that perhaps would read out application of the two prior felonies provision that enhanced him from the Class II to the Class X. But certainly adding that much language to this provision would be a step too far. And, instead, this Court should apply this provision as it is enacted to say, yes, you are allowed to double the maximum otherwise authorized. And, indeed, the sentencing court turns to the Code of Corrections to determine what is authorized for sentencing. And that includes the two prior felonies provision to enhance it from a Class II to a Class X. And so I guess just one last point I'd like to make is People v. Olivo. It wasn't mentioned by my opponent, but I did want to mention it briefly because both defendant in his briefs and the appellate court cite it. That is the case that, according to defendant in the appellate court, they submit that it held that a person never offended or, excuse me, never convicted of a Class X offense can never receive an extended term Class X sentence. But that is actually a misstatement of the holding of Olivo. And I wanted to emphasize there that while both defendant and Olivo were convicted of Class II felonies, and they both were enhanced to a Class X range through the two prior felonies provision, Olivo faced a potential extended term sentence through operation of a provision that I called the recent prior conviction provision. That is the provision that states that where you're convicted of a certain Class felony and you have a prior conviction for the same or similar or greater Class felony within 10 years, that you can face an extended term. And Olivo, this court, interpreted that provision in particular, that language, in holding that you have to have a prior Class X to be eligible for a Class X extended term. Well, that's logical given the language in that provision. But defendant here faced a potential sentence above 30 because of the prior drug conviction provision. And again, that only requires a conviction for a prior offense under the Act. It has no requirement about the level of Class felony, either of the current conviction or the previous conviction. And so Olivo does not defeat the state's proposed interpretation here. So in summary, this court should either construe these relevant provisions to avoid a conflict in the first place and note that the code, and particularly the general extended term sentencing provision, applies only to those extended terms justified by the code itself and allow these other enhancements that the legislature enacted on dozens of occasions to coexist alongside without recognizing a conflict. Or in the alternative, recognize that if there is a conflict, the sentence maximum doubling is appropriate. And if there are no further questions, thank you very much. Thank you. Case number 118375, People of the State of Illinois v. Adrian Williams, will be taken under advisement as Agenda Number 9. Ms. Bindic and Mr. Cohut, thank you for your arguments this afternoon. You're excused. And Mr. Marshall, the court stands adjourned until 9 a.m. tomorrow morning.